UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ruping Yang, Eng Kiong Ng,<br><br>        Plaintiffs,<br><br>v.<br><br>Azotic, LLC,<br><br>        Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, Ruping Yang and Eng Kiong Ng, by and through their counsel, for their complaint against Defendant, Azotic, LLC, allege as follows:

**PRELIMINARY STATEMENT**

1. This is an action for a declaratory judgment of non-misappropriation under the Defend Trade Secrets Act arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code.

2. This declaratory judgment complaint relates to state court litigation that Defendant, Azotic, LLC, brought against Plaintiffs and then dismissed without prejudice but has continued to threaten Plaintiffs with. Defendant sued Plaintiffs, Ruping Yang and Eng Kiong Ng, in Minnesota state court, alleging (among other things) that Plaintiffs misappropriated Defendant's trade secrets. In its operative complaint, however, Defendant relied upon its principal, Steven Starcke, having "invented *and patented* the methods, techniques, and processes through which Azotic coats and enhances stones

and crystals." (Emphasis added). It also filed an affidavit averring that obtaining those patents, among other things, are "efforts [that] are the trade secrets of Azotic."

3. Defendant, however, cannot have its cake and eat it too. "If a trade secret is patented there is no further right to secrecy. The patent is a legal disclosure with the right to a limited, temporary monopoly granted as the reward for disclosure." *Scharmer v. Carrollton Mfg. Co.*, 525 F.2d 95, 99 (6th Cir. 1975).

4. Further, at least one of the patents in question is now plainly invalid, that patent having been granted in 1998, making it well older not only than the 20 years for which it might have been valid but also for the additional six years within which a patent infringement action might be timely.

## JURISDICTION

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*

6. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202.

7. Personal jurisdiction over Defendant is proper in this District because of its presence in this state and judicial district.

## VENUE

8. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in this judicial district, has directed its business, licensing, and

enforcement activities at this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

9. Plaintiff Ruping Yang is an individual who resides in Rochester, Minnesota. Ms. Yang is the former president of Azotic and is the wife of Plaintiff Eng Kiong Ng.

10. Plaintiff Eng Kiong Ng is an individual who resides in Rochester, Minnesota. Mr. Ng is a former employee of Azotic and is the husband of Plaintiff Ruping Yang.

11. Defendant, Azotic, LLC, is a Minnesota limited liability company. Defendant's registered office address and principal executive office address are 921 37th Ave. NW, Rochester, MN 55901-6645.

## FACTS

### A. The Patents at Issue

12. Defendant, Azotic, LLC, is a Minnesota limited liability company. Defendant's registered office address and principal executive office address are 921 37th Ave. NW, Rochester, MN 55901-6645.

13. Defendant has alleged that

> Starcke is identified as an Inventor and Azotic is identified as an Assignee for the following United States patents for methods, techniques, and processes used by Azotic to conduct its business:
>
> a. Coatings for Gemstones and Other Decorative Objects; Patent No. US 7,137,275 B2 (November 21, 2006).
>
> b. Multi-color Gemstones and Gemstone Coating Deposition Technology; Patent No. US 7.526.928 B1 (May 5, 2009).

    c. Methods of Improving the Color of Transparent Materials; Patent No. Patent No. 5,853,826 (December 29, 1998).

    d. Gemstone Material; Patent No. US 7,290,404 B2 (November 6, 2007).

(Am. Compl., *Azotic v. Yang*, 55-CV-23-8758, Doc. Index # 19 at 4, ¶ 12

(Olmsted Cnty. Dist. Ct. Jan. 11, 2024)).

14. United States Patent number US-7137275-B2 ("the '275 Patent"), entitled "Coatings for Gemstones and Other Decorative Objects," names Steven F. Starcke, Ronald H. Kearnes, and Kevin E. Bennet as the inventors and states an issue date of November 21, 2006. Attached as Exhibit A is a copy of the '275 Patent.

15. The '275 Patent is directed to "provid[ing] a decorative object comprising a transparent or translucent substrate having a body and at least one surface bearing a thin film coating," with "[t]he coating impart[ing] in the substrate a body color that appears substantially constant at different angles of observation."

16. On information and belief, Defendant is the assignee of all right, title, and interest in the '275 Patent.

17. United States Patent number US-7526928-B1 ("the '928 Patent"), entitled "Multi-Color Gemstones and Gemstone Coating Deposition Technology," names Ronald H. Kearnes, Debbie Kearnes, and Steven F. Starcke as the inventors and states an issue date of May 5, 2009. Attached as Exhibit B is a copy of the '928 Patent.

18. The '928 Patent is directed to "provid[ing] a gemstone or a decorative object having at least one surface bearing a thin film coating" as well as "new deposition techniques."

4

19. On information and belief, Defendant is the assignee of all right, title, and interest in the '928 Patent.

20. United States Patent number US-5853826-A ("the '826 Patent"), entitled "Method of Improving the Color of Transparent Materials," names Steven F. Starcke, Ronald H. Kearnes, Kevin E. Bennet, and David A. Edmonson as the inventors and states an issue date of December 29, 1998. Attached as Exhibit C is a copy of the '826 Patent.

21. The '826 Patent is directed to "[a] faceted gemstone having at least one thin layer of material coated on the pavilion of a transparent substrate so that the body of the gemstone appears to have a different color" with the film "coated by low temperature techniques such as sputtering."

22. On information and belief, Defendant is the assignee of all right, title, and interest in the '826 Patent.

23. United States Patent number US-7290404-B2 ("the '404 Patent"), entitled "Gemstone Material," names Ronald H. Kearnes, Steven F. Starcke, and Kevin E. Bennet as the inventors and states an issue date of November 6, 2007. Attached as Exhibit D is a copy of the '404 Patent.

24. The '404 Patent is directed to "provid[ing] a gemstone material having therein embedded a plurality of dichroic particles" with "methods of producing the gemstone material" also being provided.

25. On information and belief, Defendant is the assignee of all right, title, and interest in the '404 Patent.

### B. The Alleged Trade Secrets at Issue

26. In the operative complaint in its state court litigation, Defendant sued Plaintiffs (in addition to Defendant Eng Kiong Ng's brother, Eng Tat Ng) for having misappropriated Defendant's trade secrets.

27. In claiming Defendant had trade secrets, Defendant noted that Mr. Starcke had "invented *and patented* the methods, techniques, and processes through which Azotic coats and enhances stones and crystals." (Am. Compl., *Azotic v. Yang*, 55-CV-23-8758, Doc. Index # 19 at 4, ¶ 12 (Olmsted Cnty. Dist. Ct. Jan. 11, 2024)) (emphasis added). It also filed an affidavit averring that obtaining those patents, among other things, are "efforts [that] are the trade secrets of Azotic." (Decl. of Steven F. Starcke, *Azotic v. Yang*, 55-CV-23-8758, Doc. Index # 4 at 1, ¶ 4–5 (Olmsted Cnty. Dist. Ct. Dec. 27, 2023)).

### C. The State Court Litigation

28. In late 2023, Defendant sued Plaintiffs, along with Eng Tat Ng, in Olmsted County District Court in Minnesota's Third Judicial District. The case was entitled "Azotic, LLC v. Ruping Yang, Eng Kiong Ng., Eng Tat Ng, DURAGEMCOLOR USA Company" and was assigned court file number 55-CV-23-8758 (the "Prior Litigation"). ("DURAGEMCOLOR USA Company" is an assumed name for Eng Tat Ng, not an independent entity).

29. On November 8, 2024, Defendant dismissed without prejudice its claims in the Prior Litigation against Plaintiffs. The state district court entered a judgment of dismissal without prejudice on December 16, 2024.

6

30. Defendant has continued to litigate its claims in the Prior Litigation against Eng Tat Ng, and a jury trial is set for March 16, 2026.

31. Defendant, however, has continued to threaten to raise its claims—based in large part on the idea that it can enjoy both patent and trade secret protection for the same intellectual property—against Plaintiffs.

32. For example, at a January 27, 2025 hearing held in state court in related litigation over Plaintiffs' advancement and indemnification rights under Minn. Stat. § 322C.0408 (entitled "*Ruping Yang, Eng Kiong Ng v. Azotic, LLC*" and assigned court file number 55-CV-24-3459), Defendant opposed discovery on Plaintiffs' advancement and indemnification rights and summary judgment in Plaintiffs' favor based on Defendant's dismissal of the Prior Litigation, arguing that Defendant would "have to make a choice"—i.e. about raising its claims again—"if [it] get[s] close to the statute of limitations." (Tr. of Jan. 27, 2025 Mot. Hr'g, *Yang v. Azotic*, 55-CV-24-3459, Doc. Index # 79 at 13:24–25 (Olmsted Cnty. Dist. Ct. Mar. 16, 2025)).

### D. The Request for Advancement and Indemnification

33. On January 5, 2025, Plaintiffs, through counsel, sent a letter to Defendant, through counsel, noting that they believed that Defendant had threatened litigation against them in the form of refiling its claims from the Prior Litigation that it had dismissed (the "Threatened Litigation").

34. With that letter, Plaintiffs served affidavits showing their entitlement to advancement of their litigation expenses in the Threatened Litigation. Copies of those affidavits, as served, are attached as Exhibit E.

35. More than 60 days have passed since Plaintiffs served their affidavits upon Defendant, but Defendant has never responded.

## COUNT ONE
### (Declaratory Judgment of Unenforceability)

36. Plaintiffs repeat and reallege paragraphs 1 through 35 hereof, as if fully set forth herein.

37. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

38. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the unenforceability of the Patents as trade secrets.

39. Plaintiffs are entitled to a declaratory judgment that Plaintiffs have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claims of the Patents under any trade secret law, including but not limited to the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*

## COUNT TWO
### (Declaratory Judgment of Non-Misappropriation Under the Defend Trade Secrets Act)

40. Plaintiffs repeat and reallege paragraphs 1 through 39 hereof, as if fully set forth herein.

41. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that United States patents may not form the basis for a claim under any trade secret law, including the Defend Trade Secrets Act.

42. A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights regarding the Patents as they relate to trade secret law, including the Defend Trade Secrets Act.

## COUNT THREE
### (Advancement)

43. Plaintiffs repeat and reallege paragraphs 1 through 42 hereof, as if fully set forth herein.

44. Plaintiffs have made a written request to Defendant for advancement of legal expenses incurred related to the Threatened Litigation.

45. Plaintiffs have provided Defendant written affirmations of their good faith beliefs that the criteria for indemnification have been satisfied and have provided a written undertaking to repay all amounts Defendant pays or reimburses in their defense of the Threatened Litigation if it is ultimately determined that the criteria for indemnification have not been satisfied.

46. Plaintiffs are entitled to advancement from Defendant pursuant to Minn. Stat. § 322C.0408, subd. 3, including payment of all legal fees and costs for this action, in advance of the final disposition of the Threatened Litigation.

## COUNT FOUR
### (Indemnification)

47. Plaintiffs repeat and reallege paragraphs 1 through 46 hereof, as if fully set forth herein.

48. Plaintiffs are entitled to indemnification pursuant to Minn. Stat. § 322C.0408, subd. 2.

49. Defendant is a limited liability company governed by the statute.

50. Plaintiffs have been made parties to proceedings by reason of their former official capacity as employees of Defendant.

51. Plaintiffs have properly requested indemnification from Defendant.

52. More than 60 days since Plaintiffs requested indemnification from Defendant and Defendant has not responded.

53. Neither Plaintiff has been indemnified by another organization or employee benefit plan for the same claims.

54. Plaintiffs acted in good faith.

55. Plaintiffs received no improper benefit.

56. Plaintiffs believed their conduct with respect to the alleged acts or omissions occurring in their official capacity was in best interests of Defendant.

57. Plaintiffs are entitled to indemnification from Defendant, including payment of all legal fees and costs for this action.

**WHEREFORE**, Plaintiffs requests judgment against Defendant as follows:

1. Adjudging that Plaintiffs have not infringed and are not infringing, either directly or indirectly, any valid and enforceable claim of the Patents as it relates to any trade secret law;

2. Granting Plaintiffs indemnification under Minnesota law;

3. Granting Plaintiffs advancement under Minnesota law;

4. Ordering Defendant to pay all fees, expenses, and costs associated with this action; and

5. Awarding such other and further relief as this Court deems just and proper.

Dated: July 9, 2025                                       **GODWIN DOLD**

*/s/ James A. Godwin*
James A. Godwin, #392020
james@godwindold.com
David L. Liebow, #392585
david@godwindold.com
300 1st Ave. NW, Suite 306
Rochester, MN  55901-2830
(507) 218-8383

*Counsel for Plaintiffs,*
*Ruping Yang and Eng Kiong Ng*